# In The United States Bankruptcy Court
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE | * | |
| | * | CHAPTER 7 |
| NOTESIONDRIA A. BOYD, | * | CASE NO.: 20-10806 |
| | * | |
| *Debtor.* | * | |
| | * | |
| NOTESIONDRIA A. BOYD, | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | ADVERSARY NO.: 20- |
| | * | |
| NAVIENT SOLUTIONS, | * | |
| | * | |
| *Defendant.* | * | |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT**

NOW COMES NOTESIONDRIA A. BOYD, Debtor in the underlying Chapter 7 case and Plaintiff herein (hereinafter "Debtor") and shows the court her Complaint to determine the dischargeability of the debt to NAVIENT SOLUTIONS. Debtor asserts that the alleged debt of NAVIENT SOLUTIONS is not an educational loan, benefit, scholarship or statutorily excepted from discharge in her Chapter 7 case. In support of these allegations, Debtor avers the following:

1. Debtor filed this Chapter 7 case on September 18, 2020. Debtor has several NAVIENT SOLUTIONS loans, one of which is a federal student loan currently in an income-based repayment plan whose last 4 digits of the account number are 0926. Another NAVIENT SOLUTIONS loan, which is non-educational and was used for non-educational services, has an account number with the last 4 digits 1940. A final NAVIENT SOLUTIONS loan, which is noneducational and was used for noneducational services, has an account number with the last 4 digits 1932. These accounts are listed as creditors in Schedule E/F of the Debtor's petition.

2. The debt that NAVIENT SOLUTIONS seeks to collect is for private loans (accounts ending 1940 and 1932) used for non-educational purposes.

3. The debt for private loan ending in 1940 was used for noneducational purposes, such as housing and food costs, and therefore does not constitute an "educational benefit overpayment", "loan", "benefit", "scholarship" or "stipend" under 11 U.S.C. § 523 (a)(8).

4. The debt for private loan ending in 1932 was used for noneducational purposes, such as housing and food costs, and therefore does not constitute an "educational benefit overpayment", "loan", "benefit", "scholarship", or "stipend" under 11 U.S.C. Section 523 (a)(8).

5. The debts for private non-educational loans used for noneducational purposes do not constitute a "obligation to repay funds" as contemplated by 11 U.S.C. § 523 (a)(8).

6. The exceptions of the private loan debts, ending in 1940 and ending in 1932, for noneducational purposes from discharge in the Debtor's Chapter 7 will impose an undue hardship on the Debtor.

WHEREFORE, the Debtor respectfully requests a judgment finding that the debt owed to the Defendant for the private student loans ending in 1940 and 1932, are subject to discharge in the Debtor's Chapter 7 case.

Respectfully submitted this 22nd day of September, 2020.

LEIDEN and LEIDEN

By: _____
WENDY H. LEVER
Ga. Bar No.: 342177

330 Telfair Street
Augusta, Georgia 30901
(706) 724-8548
courtinfo@leidenandleiden.com